HEATHER E. WILLIAMS, SBN #122664
Federal Defender
JEROME PRICE, SBN # 282400
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
MITCHELL TICE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:17-mj-00159-DB |
|---|---|
| Plaintiff, | **MOTION FOR AN ORDER PERMITTING DISCLOSURE OF DEFENDANT'S PRETRIAL SERVICE REPORT; [PROPOSED] ORDER** |
| vs. | |
| MITCHELL TICE, | |
| Defendant. | Date: September 15, 2017<br>Time: 2:00 P.M.<br>Judge: Hon. Deborah Barnes |

Defendant Mitchell Tice, by and through his counsel of record, Assistant Federal Defender Jerome Price, hereby moves this Court for an order permitting disclosure of his Pretrial Services Report drafted on Friday, September 8, 2017. The defendant brings this motion after the undersigned attempted to obtain access to the aforementioned report from the Pretrial Services Office. The undersigned discussed the issue with Pretrial Services Officer Ryan Garcia, who indicated that pretrial services would not permit counsel to view the report as requested. From the failed attempt to obtain access to the report, the undersigned presumes that pretrial services opposes the instant motion.

**A. BACKGROUND**

Mr. Tice made his initial appearance before this Court on Friday, September 8, 2017. ECF No. 1. Mr. Tice was arrested in the Eastern District of California on an out-of-district

-1-

warrant issued in the Western District of Missouri. *Id.* At the hearing, the Court appointed the Federal Defender's Office, specifically the undersigned, to represent Mr. Tice for all proceedings in this district. *Id.* The Court conducted Rule 5 proceedings and a detention hearing. *Id.* The Court released Mr. Tice on a $100,000 bond secured by real property pursuant to the recommendation of Pretrial Services and the concurrence of both government and defense counsel. *Id.*; ECF No. 3.

The undersigned was the duty attorney from the Federal Defender's Office for Friday, September 8, 2017, and as such, handled three other initial appearance hearing that day. Mr. Tice's appearance was the last matter on the duty calendar and concluded around 3:15 p.m. The undersigned customarily retains the pretrial services reports from the cases for which he appeared after the hearing to take notes on the report, including the criminal history, statements made by the defendant or third parties, recommendations made by pretrial services, and the proposed conditions of release if any. The undersigned will then return the reports to the Pretrial Service Office before leaving the courthouse. These notes are instrumental for the defense counsel to have to effectively represent a given client as they may provide leads for investigation (for bail matters or otherwise), evidence for any subsequent pretrial violation proceedings or bail review proceedings, and general insight into a client's social history (e.g., ties to the community, supportive family members, history of drug use and treatment). It is possible that the criminal history contained in the report may be inaccurate or require investigation to confirm whether an outstanding warrant for a failure to appear is valid. The notes derived from the report can provide counsel the opportunity to investigate such matters. There is a myriad of ways that the pretrial services report provides vital information for the attorney in representing his or her client for bail purposes and beyond. In the Federal Defender's Office, notes are also important because the duty attorney may not be the attorney ultimately assigned to the case. Comprehensive notes serve to bridge the information gap between the assigned attorney and the attorney who handled the initial proceedings. Notwithstanding the benefits of notetaking for the client file, the defense counsel and the defendant has an undisturbed right to view the report, as explained further *infra*.

The undersigned typically completes his notetaking after all of his required appearances are completed.[1] This process can take anywhere from 15 minutes to at least an hour per report. On September 8, the calendar ended close to 3:15 p.m. The undersigned had three Pretrial Services reports, including Mr. Tice's, to complete notetaking. All three reports contained extensive criminal history. The undersigned determined that nearing 3:30 p.m., he did not have enough time to complete his notetaking on Friday before the Pretrial Services Office closed.[2] Instead of creating a dilemma whereby the undersigned would have the pretrial services reports past the Pretrial Services Office's closing, and thus preventing reports' return, the undersigned decided that it would be prudent to return the reports to the respective pretrial services officers on Friday, and return the next court day (Monday, September 11, 2017) to the pretrial services office to complete his notetaking. When returning the reports, the undersigned explained to each respective officer that he would need to come later to take notes because he did not have time to take notes on Friday. Nobody objected to this comment.

On September 11, 2017, the undersigned went to the pretrial services office around 3:00 p.m. to obtain the respective reports for notetaking. Upon making this request, Pretrial Services Officer Ryan Garcia came out to discuss with the undersigned the need for the report. The undersigned explained to Mr. Garcia that he needed to obtain the reports because he did not have sufficient time after Friday's calendar to complete his notetaking on the requested reports. There was no dispute that the undersigned had access to the reports on Friday, or that the undersigned was appointed to represent the defendants whose reports he was requesting. Instead, Mr. Garcia indicated that pretrial services could not release a report to counsel unless counsel was "considering a bail review motion." For two of the reports, the defendant was not interviewed by

---

[1] Pretrial Service Reports are typically disclosed shortly before the start of duty calendar. Usually, the defense counsel has a matter of minutes before the hearing to review the content of the report, including criminal history, statements made by third parties, the recommendation, and proposed conditions. Defense counsel had little to no time to review the contents of that report with their clients, who are often waiting in the courtroom's lockup area. Between reviewing the report and preparing arguments for the detention hearing, the undersigned has found that the best time to take notes on the report is after the hearing altogether.

[2] On September 8, defense counsel believed that Pretrial Services Office closed at 4:00 p.m. He was subsequently advised that the office closes at 4:30 p.m. Regardless, defense counsel would not have completed his notes prior to the office closing.

1 pretrial services, so those reports could properly be disclosed to the undersigned for
2 consideration of a bail review motion. However, Mr. Garcia refused to disclose Mr. Tice's
3 report because Mr. Tice was released from custody and, according to Mr. Garcia, no argument
4 can be made that the report would be used for bail review consideration. When it was clear that
5 the undersigned and Mr. Garcia were at an impasse, Mr. Garcia indicated that the Chief Pretrial
6 Services Officer, Gina Faubion, could be consulted for a final determination. At defense
7 counsel's request, Mr. Garcia represented that he contacted Ms. Faubion, who presumably made
8 a final determination not to disclose Mr. Tice's report. The undersigned was able to complete his
9 notetaking for the two disclosed reports, but has not been able to do so for Mr. Tice. He now
10 brings this motion.[3]

## B. LEGAL ANALYSIS

Title 18 of the United States Code, Section 3153 governs the organization and administration of pretrial services. The same section establishes that "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." §3153(c)(1). The very next sentence states, without qualification, that "[e]ach pretrial services report shall be made available to the attorney for the accused and the attorney for the government." *Id.* The Second Circuit has observed:

> [Pretrial Services Reports ("PSRs")] are kept confidential primarily to ensure the defendant's candor. *See United States v. Pena*, 227 F.3d 23, 26 (2d Cir. 2000) ("This confidential treatment is intended to . . . ensure that courts do not 'receive only incomplete information,' because defendants 'may be reluctant to cooperate with pretrial services officers unless assured of the confidentiality of the information they reveal to the officers.'") (quoting H.R. Conf. Rep. No. 97-792, at 8 (1982), U.S. Code.Cong.&Admin.News 1982, p. 2393).

*United States v. Lewter*, 402 F.3d 319, 323-24 (2d Cir. 2005).

In *Lewter*, the Second Circuit concluded that the district court erred by not permitting the defendant access to his own pretrial service report. *Id.* The defendant requested the PSR to aid in securing testimony from the pretrial service officer that he was under the influence of PCP

---

[3] To get a sense of timing, it took almost 2 hours for the undersigned to complete notetaking on the two disclosed reports. He started around 3:15 p.m. and did not finish until about 4:50 p.m.

-4-

when he was arrested. *Id.* The district court denied disclosure, ruling that the confidentiality interest in the pretrial services report lied with the court, not the defendant. *Id.* The Second Circuit disagreed based on the language contained in § 3153(c)(1), which provides that "each pretrial services report shall be made available to the attorney for the accused and the attorney for the Government." *Id.* (citing § 3153(c)(1)). Ultimately, the Second Circuit held that the error was harmless based on the defendant's intended use at trial, but unequivocally held that the denial was error. *Id.*

The Local Rules for the Eastern District of California also affirms that pretrial services reports are confidential records of the United State District Court, but "shall be disclosed . . . to . . .the defendant, the defendant's counsel, [and] the defense investigator. . . ." Local Rule 460(a). Given that pretrial services has refused to disclose the report to the undersigned defense counsel, Local Rule 460(b) requires that he petition the Court for disclosure.

As codified in § 3153(c)(1) and recognized in *Lewter*, the defendant has a right to access his own pretrial services report either personally or through counsel. There is no reasonable basis to deny access to defense counsel, who had access to the Pretrial Services report just one court day preceding the request. There is no stop clock that prevents access because there is no pending detention hearing or bail review hearing. As the Second Circuit recognized, the confidentiality interest actually lies with the defendant, not necessarily with the Court. That being the case, no confidentiality interest is implicated or frustrated by providing a defendant access to his or her own report. Further, efforts to protect this confidentiality interest was not meant to act as a sword against the defendant himself. This is not a case in which a defendant is seeking access to a third party's report. Here, the defense counsel's desire to take notes on the report used at the detention hearing is really an extension of the detention hearing or bail proceeding itself. There is no dispute that counsel had a right to take notes on the report at one time. Pretrial just disputes whether counsel has a right to take notes on the report after the court hearing, even if there was no appreciable opportunity to take notes at the time of the hearing.

The undersigned merely foresaw a timing issue with his ability to take notes and his

ability to return the documents to Pretrial Services before they closed for the weekend. Out of a professional courtesy, the undersigned spared pretrial services from the inconvenience of having to choose between waiting on defense counsel and leaving the report with defense counsel over the weekend. Pretrial Services' refusal to disclose Mr. Tice's report is an assertion that the undersigned was misguided in extending this courtesy. Pretrial Services' refusal signals a position that if the undersigned counsel wanted to take notes to best represent his client's interests, he should have disregarded these other practical concerns. The undersigned does not believe this conclusion is compelled by the appropriate statutes, case law, and local rules, as pretrial services may suggest.

**C. CONCLUSION**

For the foregoing reasons, Mr. Tice respectfully requests that this Court grant his motion and issue an order authorizing defense counsel access to Mr. Tice's report.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: September 14, 2017
/s/ Jerome Price
JEROME PRICE
Assistant Federal Defender
Attorneys for Defendant
MITCHELL TICE

| | |
|---|---|
| 1 | HEATHER E. WILLIAMS, SBN #122664<br>Federal Defender |
| 2 | JEROME PRICE, SBN # 282400<br>Assistant Federal Defender |
| 3 | Designated Counsel for Service<br>801 I Street, 3rd Floor |
| 4 | Sacramento, CA 95814<br>Telephone: (916) 498-5700 |
| 5 | Fax: (916) 498-5710 |
| 6 | Attorneys for Defendant<br>MITCHELL TICE |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:17-mj-00159-DB |
| Plaintiff, | ) ) | **ORDER PERMITTING DISCLOSURE OF DEFENDANT'S PRETRIAL SERVICE** |
| vs. | ) ) | **REPORT TO DEFENSE COUNSEL** |
| MITCHELL TICE, | ) ) | |
| Defendant. | ) ) ) | |

IT IS HEREBY ORDERED, having reviewed and considered the Defendant's motion for an order authorizing disclosure of his pretrial services report, the Court finds good cause to permit defense counsel access to his client's pretrial services report. Accordingly, the defendant's motion is hereby GRANTED. Pretrial services shall disclose defendant's pretrial service report to his counsel of record for defense counsel's review and inspection.

Dated: September 15, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

-1-